IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>        Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. ("Plaintiff") is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes

the responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("Defendant" or "DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On June 9, 2017, Plaintiff submitted nearly identical similar FOIA requests to the Federal Bureau of Investigation ("FBI"), a component of DOJ, and to DOJ.

6. Plaintiff's FOIA request to the FBI sought the following:

> Any and all records concerning, regarding, or relating to communications between former FBI director James Comey and former Attorney General Loretta Lynch regarding the FBI's investigation into former Secretary of State Hillary Clinton's use of a private email server to conduct official government business. Such records include, but are not limited to, records of direct communications between former Director Comey and former Attorney General Lynch regarding the above-referenced matter, as well as any memoranda (sometimes referred to as "memoranda for record," "memoranda to the file" or a variant thereof) written or ordered written by former Director Comey summarizing conversations with former Attorney General Lynch.

The time frame for the request was identified as "March 1, 2015 to May 9, 2017."

7. By a letter dated June 14, 2017, the FBI acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been designated "FOIPA Request No. 1377322-000."

8. Plaintiff's FOIA request to DOJ sought the following:

> Any and all records concerning, regarding, or relating to communications between former FBI director James Comey and former Attorney General Loretta Lynch regarding the FBI's investigation into former Secretary of State Hillary Clinton's use of a private email server to conduct official government business.

Like the request to the FBI, the time frame for the request to DOJ was "March 1, 2015 to May 9, 2017."

9. By letter dated July 13, 2017, DOJ acknowledged receipt of Plaintiff's request on June 14, 2017 and advised Plaintiff that the request had been designated "DOJ-2017-004667 (AG)." DOJ also advised Plaintiff that "unusual circumstances" required it to extend the time for its response "beyond the ten additional days provided by the statute." DOJ did not specify when it would issue its determination on the request.

10. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

13. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's requests within the time limits required by FOIA. Accordingly, Defendant's determination regarding Plaintiff's request to the FBI was due on or about July 13, 2017, and Defendant's determination regarding Plaintiff's request to DOJ was due on or about July 27, 2017 at the latest. By these dates, Defendant was obligated to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the

scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

14. Because Defendant failed to determine whether to comply with Plaintiff's requests within the time required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's requests and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the requests; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 13, 2017                            Respectfully submitted,

                                                                       */s/ Paul J. Orfanedes*
                                                                       Paul J. Orfanedes
                                                                       D.C. Bar No. 429716
                                                                       JUDICIAL WATCH, INC.
                                                                       425 Third Street SW, Suite 800
                                                                       Washington, DC 20024
                                                                       Phone: (202) 646-5172

                                                                       *Counsel for Plaintiff*