**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ )<br><br>JUDICIAL WATCH, INC.,       )<br>              )<br>      Plaintiff,      )<br>              )<br>    v.            )<br>              )<br>U.S. DEPARTMENT OF JUSTICE,  )<br>              )<br>      Defendant.    )<br>_____) | Civil Action No. 17-2120 (TSC) |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT AND OPPOSITION TO**
**PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

The crux of Plaintiff's opposition to summary judgment and its cross-motion is the unremarkable observation that former Attorney General Lynch and former Director of the Federal Bureau of Investigation ("FBI") Comey almost certainly communicated about the FBI's investigation into former Secretary of State Clinton's use of a private e-mail server sometime between March 1, 2015 and May 9, 2017. The dubious predicate in plaintiff's reasoning is that any such communication(s) would necessarily have generated records. After searching all locations likely to contain records reflecting or relating to any such communications using reasonable methods in response to plaintiff's request under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), neither the FBI nor the Office of Information Privacy ("OIP") have uncovered any records responsive to plaintiff's FOIA request. Based on the record as supplemented with second declarations from both FBI and OIP, the Court should grant the Department of Justice's motion for summary judgment and deny plaintiff's cross-motion because "the issue to be resolved is not whether there might exist any [] documents possibly responsive to the request, but rather whether the search for those documents was adequate." *Weisberg v. Dep't*

*of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984); *see Cunningham v. Dep't of Justice*, 40 F.

Supp. 3d 71, 83-84 (D.D.C. 2014) (describing the central question as whether the search itself

was reasonable, regardless of the results of the search).  As explained below, plaintiff fails to

raise substantial doubt about the sufficiency of the search.

     1.  FBI's Search

     Plaintiff challenges the universe of terms the FBI selected for searching the Central

Records System.  Out of an abundance of caution, FBI expanded its search to include "Hillary

Clinton" and "Elizabeth Carlisle" as search terms in its Central Records System.  *See* Second

Declaration of David M. Hardy ("2d Hardy Dec.") ¶ 9.  Neither search term uncovered any

responsive records.  *Id*.

     Plaintiff also asserts that the FBI's search of the Hillary Clinton e-mail server

investigative file was inadequate because the search terms "Elizabeth Carlisle," used in an alias

e-mail account by former Attorney General Lynch (First Brinkmann Dec. ¶ 17 [ECF No. 10-3]),

"FBI Director," and "Hillary Clinton" were not employed.  Each of these proposed search terms

was inappropriate, unnecessary, or unworkable.  *See* 2d Hardy Dec. ¶ 7.  First, the FBI would not

refer to former Attorney General Lynch using an alias such as "Elizabeth Carlisle" in an official

investigative file because to do so would create confusion.  *See id*. ¶ 7(a) & n.1.  Nevertheless,

out of an abundance of caution, the FBI used "Elizabeth Carlisle" as a search term and confirmed

that it produced no responsive records in the Hillary Clinton e-mail server investigative file.  *Id*.

Second, given that Mr. Comey was the FBI Director during the entire time period covered by

plaintiff's FOIA request, it is unlikely that using his title rather than his name as a search term

would have produced different results.  *See id*. ¶ 7(b).  And the search term "FBI Director"

would be overbroad in the context of the Plaintiff's request and not likely to locate additional

responsive records.  *Id.*  Because former Secretary Clinton was the subject of the investigation, FBI reasonably believed that the search term "Hillary Clinton" was overbroad; one would expect virtually all of the records in the file (which consists of approximately 10,000 pages, First Hardy Dec. ¶ 9 [ECF No. 10-2]) to contain her name.  *See* 2d Hardy Dec. ¶ 7(c).  For these reasons, the Court should find that the FBI's search of the Hillary Clinton investigative file was reasonable.

Plaintiff also challenges the FBI's description of the responsiveness review for records identified through the use of the search terms it selected.  Pl.'s Opp. & Cross-MSJ at 4, 10, 12. To clarify, the FBI did not utilize any terms in the responsiveness review.  *See* 2d Hardy Dec. ¶ 8.  The FBI manually reviewed the total content of each potentially responsive record, known as a "hit," for responsiveness.  *Id*.  The FBI would have deemed responsive any record "concerning, regarding, or relating to communications between former Director Comey and former Attorney General Lynch regarding the FBI's investigation into Hillary Clinton's use of a private email server to conduct official government business."  *Id*.  Despite the appropriate breadth of this criterion for responsiveness in light of the language of the FOIA request, none of the records were responsive.  Especially in light of this supplemental evidence confirming the connection between the responsiveness review and the subject of the FOIA request, plaintiff fails to create a genuine issue of material fact with respect to the adequacy of the FBI's search.

Plaintiff is mistaken in contending that the FBI has not searched alias e-mail accounts used by former Director Comey and former Attorney General Lynch.  *See id*. ¶ 10.  The FBI is aware of and searched all e-mail accounts, classified and unclassified, belonging to former Director Comey for any messages where former Attorney General Lynch (or her alias Elizabeth Carlisle) was the sender or recipient during the period March 1, 2015 through May 9, 2017.  *Id.* Further, the technology used to search former Director Comey's e-mails encompasses both the

text of e-mails and any attachments.  *Id.*; *see* First Hardy Dec. ¶ 13.  And as with all other potentially responsive records identified through search terms, the FBI's responsiveness review was of the entire potentially responsive record to determine whether the record concerned, related to, or evidenced any communication between Mr. Comey and Ms. Lynch about the FBI's investigation into Secretary Clinton's use of a private e-mail server.  2d Hardy Dec. ¶ 11.

For all other electronic records belonging to former Director Comey, including text and instant messages and electronic files, the FBI has reasonably concluded, based on its knowledge of him and those systems, that no responsive records can be located.  With respect to instant messages, the material fact is that former Attorney General Lynch did not have an FBI instant message system account.  *See* 2d Hardy Dec. ¶ 13.  Because FBI policy requires personnel to import important records into a recordkeeping system that has already been searched using terms that would capture any responsive information, the FBI's prior searches would have included text messages properly preserved by former Director Comey.  *See id.* ¶ 14.  Because nothing plaintiff has identified suggests that former Director Comey communicated by text with former Attorney General Lynch about any subject, including the FBI's investigation of Hillary Clinton's use of a private email server, the Court should require nothing further.

The FBI's search of former Director Comey's FBI electronic files other than e-mails and attachments would not yield agency records responsive to Plaintiff's request.  FBI personnel familiar with former Director Comey's practices have advised its FOIA office that former Director Comey generally had correspondence initially drafted by staff who would email drafts to him.  *See* 2d Hardy Dec. ¶ 15.  As a result, the electronic search of his e-mail would have captured such draft or final communications, and the other searches of the investigative file and former Director Comey's hard files would have uncovered any responsive records.

2.   OIP's Search

Plaintiff's challenges to OIP's search also miss the mark.  Plaintiff's first claim that OIP

search of former Attorney General Lynch's electronic records was insufficiently described

misapprehends the initial declaration submitted by Ms. Brinkmann.  *See* ECF No. 10-3 (First

Brinkmann Declaration).  OIP searched Ms. Lynch's electronic files using the same software that

searched her e-mails and employing the same search terms.  *See* Second Declaration of Vanessa

R. Brinkmann ("2d Brinkmann Dec.") ¶ 7.  As clarified in Ms. Brinkmann's Second Declaration,

the search included electronic records in her DOJ account, not merely the e-mail accounts Ms.

Lynch used.  *See id.* & n.1.  For records containing search terms, which OIP treated as

potentially responsive, each was reviewed individually to determine it concerned, regarded, or

related to communications between former Director Comey and former Attorney General Lynch

regarding the FBI's investigation into Hillary Clinton's use of a private email server to conduct

official government business.  *Id.*  Applying responsiveness criteria that tracked the language of

the FOIA request was reasonable and appropriate.

Second, plaintiff's arguments concerning the search terms OIP involved miss the mark

because the terms were appropriate to the particular repository.  *See* 2d Brinkmann Dec. ¶¶ 8-11.

OIP searched former Attorney General Lynch's "retired files" using four terms ("Hillary

Clinton"; "FBI Director"; "James Comey" and "Jim Comey"), and plaintiff suggests that the

same terms should have all been used to search the Departmental Executive Secretariat ("DES")

and Ms. Lynch's calendars.  More specifically, plaintiff notes the absence of the terms "Hillary

Clinton" and "FBI Director" in the DES and calendar searches.  Because the DES's Intranet

Quorum database tracks the sender and recipient, OIP reasonably concluded that the best way to

search for communications between former Attorney General Lynch and former Director Comey

was to use their names.  *See* 2d Brinkmann Dec. ¶¶ 9-10 & n.4.   "Indeed, it is because of the specific capability of the DES/IQ search functionality to search for any and all correspondence keyed to an individual's name that OIP selected the search terms "James Comey" and "Jim Comey" for this specific system."  *Id*. ¶ 10.   In other words, the name is a superior search term than a title because of how the database is constructed.  OIP then reviewed the results of these keyword searches individually for responsiveness.  *Id*.  By focusing on communications with Mr. Comey, OIP did not limit the subject areas to Hillary Clinton, and searching using "Hillary Clinton" by itself would be overbroad and inefficient based on OIP's familiarity with the DES and its functionality.  *See id*.

Similarly, OIP did not use the term "Hillary Clinton" in searching Ms. Lynch's official calendars because they are text-searchable, and OIP's search captured all references to Mr. Comey.  *See* 2d Brinkmann Dec. ¶ 11.  In searching for communications with Mr. Comey, OIP reasonably sought mentions of Mr. Comey and then reviewed for responsiveness instead of starting with entries referencing Hillary Clinton and then determining whether they reflected communications with Mr. Comey.  *Id*.

OIP has confirmed that it would was not feasible technically for former Attorney General Lynch to communicate with former Director Comey on DOJ's instant message system because former Director Comey did not have an account.  *Id*. ¶ 13.  And OIP's searches encompassed text messages that were retained by Ms. Lynch, if any, because DOJ policy requires all employees to preserve in official record systems any text messages when conducting official business, and further required former Attorney General Lynch to preserve any text that "reflect an otherwise undocumented decision or action."  *Id*. ¶ 14.  DOJ briefs all incoming political appointees about these policies on text messages when they begin employment in DOJ's leadership offices and

follows through to ensure that departing officials followed those policies in check-out

procedures. *See id.* ¶ 15. Former Attorney General Lynch went through both intake and check-

out on these procedures, and therefore it is reasonable for OIP to conclude that its search of her

official files would have captured any text messages about official government business, which

would include the FBI's investigation into Hillary Clinton's use of a private email server. *Id.* ¶¶

15-16.

> 3.   The Court Should Grant DOJ's Motion for Summary Judgment and Deny Plaintiff's
>      Cross-Motion for Summary Judgment

Plaintiff does not dispute the material facts identified by DOJ. *See* Pl.'s Responses to

Def.'s Statement of Undisputed Facts (ECF No. 12 at 17-25). To the extent that plaintiff's

response identified other facts, such as the possible use of other search terms or other locations

within FBI or OIP that could be searched, the supplemental declarations submitted herewith

address or clarify those matters in ways that eliminate any genuine issue of material fact. The

two additional statements of fact plaintiff identifies (Pl.'s Further Statement of Material Facts,

ECF No. 12 at 25-26) are (1) a portion of former Director Comey's testimony to the Senate

Intelligence Committee on June 8, 2017, and (2) a snippet of texts exchanged by two FBI Special

Agents. The testimony confirms that only that Mr. Comey and Ms. Lynch spoke, and that fails

to establish a genuine issue of material fact concerning the existence of, aside from the search

for, responsive records. The brief excerpt of a text exchange fails to establish a foundation for

personal knowledge of any material fact in this litigation and likewise fails to show any basis for

concluding that Mr. Comey and Ms. Lynch communicated through means that generated any

records. The reference in one of the texts to a "statement" being sent, even viewing that in the

light most favorable to plaintiff to suggest that the referenced statement was transmitted between

DOJ and FBI, fails to establish a genuine issue of material fact because it references exclusively

senders and receivers other than former Attorney General Lynch and former Director Comey.[1]

Ultimately, the facts and arguments plaintiff offers in support of its motion and in

opposition to DOJ's motion are undisputed but of limited, if any, materiality because the texts

between two FBI agents on July 1, 2016 neither substantiate nor even tend to support a

reasonable inference that former Attorney General Lynch and former Director Comey

communicated in any fashion that generated records.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 325 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

(1986); 2d Hardy Dec. ¶ 16.  Nothing in former Director Comey's testimony cited by plaintiff

suggest that he ever generated any records covered by the FOIA or otherwise in communicating

with former Attorney General Lynch about the FBI's investigation into Hillary Clinton's use of a

private e-mail server.  *See id.*  Plaintiff points to nothing that suggests that former Attorney

General Lynch ever created records relating to communications with former Director Comey

about the FBI's investigation of Hillary Clinton's use of a private email server, and speculation

about either the creation of such records or the existence of records reflecting such

communications is insufficient to deny DOJ's motion for summary judgment.  *See SafeCard*

---

[1] Plaintiff has not submitted a separate statement of undisputed, genuine facts in support of its cross-motion for summary judgment as required by the local rules of the Court.  *See* Local Civil Rule 7(h); ECF No. 12.  Although some courts have strictly enforced the local rule by deeming that omission alone to be sufficient grounds to deny summary judgment motions, *e.g., Gaylor v. Dep't of Justice*, 496 F. Supp. 2d 110, 114 (D.D.C. 2007), the Court has discretion in applying the rules, and plaintiff's responses to defendant's statement of material facts demonstrate that the material facts are not in genuine dispute and that plaintiff accepts the statements about the scope and means of the search in DOJ's declarations in good faith.  *See Judicial Watch, Inc. v. Dep't of Homeland Sec.*, 857 F. Supp. 2d 129, 137 (D.D.C. 2012) (noting the absence of a separate statement of material facts in support of agency's renewed motion for summary judgment in a FOIA case but proceeding to consider the motion based on the absence of prejudice to plaintiff and judicial economy); *see also SafeCard Servs.*, 926 F.2d at 1200.

*Servs. Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them."); *Concepcion v. FBI*, 606 F. Supp. 2d 14, 30 (D.D.C. 2009) ("[S]peculation as to the existence of additional records . . . does not render the searches inadequate."); *Vento v. IRS*, 714 F. Supp. 2d 137, 145 (D.D.C.2010) (plaintiffs' speculation that other documents exist did not rebut presumption of good faith accorded to agency's declaration). These two officials may simply have communicated exclusively in person or by telephone about a highly sensitive matter.  Accordingly, plaintiff's motion fails to proffer either evidence or hearsay to suggest that any responsive records ever existed, which is consistent with the record of no such records being located after on a reasonable search of all locations likely to contain them if they existed.

Ultimately, although perhaps frustrating or even surprising, the absence of responsive records to this FOIA request is consistent with the nature of the sensitivity of the underlying matter and the simple fact that some communications are both oral and spontaneous such that no records reflect those communications.  Two DOJ officials with knowledge of the records from these two former officials have averred that all places likely to contain records responsive to plaintiff's FOIA request have been searched using reasonable methods without uncovering any records responsive to plaintiff's FOIA request.  *See* 2d Hardy Dec. ¶ 17; 2d Brinkmann Dec. ¶ 17; *Citizens for Responsibility & Ethics in Washington v. Dep't of Justice*, 535 F. Supp. 2d 157, 162 (D.D.C. 2008) (finding search adequate where agency declarations explained how "all files likely to contain responsive materials were searched, by whom they were searched, and in what manner").  The record before the Court demonstrates beyond material doubt that FBI's and OIP's searches were reasonably calculated to locate all responsive records.  *Aguiar v. Drug*

*Enforcement Admin.*, 865 F.3d 730, 738 (D.C. Cir. 2017) (explaining the requirements for finding an adequate search).  Where the search terms are reasonably calculated to lead to responsive documents, courts should not "micro manage" the agency's search.  *See Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("FOIA, requiring as it does both systemic and case-specific exercises of discretion and administrative judgment and expertise, is hardly an area in which the courts should attempt to micro manage the executive branch.").  Because DOJ has thoroughly searched for responsive records in good faith using appropriate methods tailored to each record system likely to contain responsive records, DOJ has fully complied with its obligations under FOIA.  *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

*      *      *

**CONCLUSION**

For all these reasons and those set forth in DOJ's memorandum in support of summary judgment, DOJ respectfully requests that this Court grant summary judgment in its favor and deny plaintiff's cross-motion for summary judgment.

May 2, 2018

Respectfully submitted,

JESSIE K. LIU
D.C. BAR # 415793
United States Attorney

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

By: */s/  Jane M. Lyons*
JANE M. LYONS
D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-2540
Email: Jane.Lyons@usdoj.gov

*Counsel for Defendant*